IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:92CR255 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| AMMAR AL-HASHASH, | ) | GOVERNMENT'S BRIEF IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION FOR EXPUNGEMENT OR IN |
| | ) | THE ALTERNATIVE SEALING OF |
| | ) | RECORD |

Now the United States, by and through its counsel, Steven M. Dettelbach, United States Attorney for the Northern District of Ohio, and Justin Seabury Gould, Assistant United States Attorney, files its opposition to the Defendant's Motion for Expungement or in the Alternative Sealing of Record.

For the reasons outlined in the attached Brief in Opposition, the Government respectfully requests that this Honorable Court deny Defendant's Motion.

    Respectfully submitted,

    STEVEN M. DETTELBACH
    United States Attorney

By:  /s/ Justin Seabury Gould
    Justin Seabury Gould (OH: 0084584)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3869
    (216) 522-8355 (facsimile)
    Justin.Gould@usdoj.gov

BRIEF IN OPPOSITION

I. Introduction

On October 24, 2013, Defendant filed a Motion for Expungement or in the Alternative Sealing of Record. Defendant's Motion makes no citation to law or rule. (Court Doc. No. 17) Defendant raises no constitutional basis for his request. Defendant's motion is entirely one of equity. Compounding these deficiencies is the dispositive point that this Honorable Court is without jurisdiction to grant Defendant's Motion.

II. Law and Argument

A. Defendant's Motion Must be Denied for Lack of Jurisdiction

Prior to 1994, courts evaluating motions for expungement typically analyzed whether they possessed ancillary, or equitable, jurisdiction over those motions using one of two tests. The first test asked whether the proceedings that generated the criminal record were unlawful or invalid. Defendant makes no such claim here. The second test balanced the government's need to maintain accurate criminal records against the hardship to an individual defendant which was posed by retention of the criminal record. This test was made in light of Congress' decree that "[t]he Attorney General shall acquire, collect, classify, and preserve identification, criminal identification, crime, and other records." 28 U.S.C. § 534(a)(1). Under present law, this second test is invalid and cannot establish a district court's jurisdiction over a request for expungement like that filed by Defendant.

In *Kokkonen*, a unanimous Supreme Court sharply limited the ancillary jurisdiction of federal courts, noting that ancillary jurisdiction could only be invoked either to (1) permit disposition by a single court of multiple related claims, or (2) to enable a court to "manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life*

*Insurance Co.*, 511 U.S. 375, 379-80 (1994). All federal appellate courts which have addressed *Kokkonen's* effect on a district court's ancillary jurisdiction over expungement have concluded that the first ground for expunging criminal records – a balancing test comparing the government's need to maintain criminal records against the hardship to the defendant – is no longer a valid ground for invoking ancillary jurisdiction. *See United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007)("*Kokkonen* forecloses any ancillary jurisdiction to order expungement" based on equitable grounds); *United States v. Meyer*, 439 F.3d 855, 860-862 (8th Cir. 2006)("a district court does not have subject matter jurisdiction over a motion to expunge that is based solely on equitable considerations"); *United States v. Dunegan*, 251 F.3d 477, 480 (3d Cir. 2001)("we hold that in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal."); *United States v. Sumner*, 226 F.3d 1005, 1014-1015 (9th Cir. 2000)("a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error"). The Sixth Circuit Court of Appeals has also found that district courts do not have ancillary jurisdictions to consider motions for expungement. *United States v. Lucido*, 612 F.3d 871, 875, (6th Cir. 2010)(" In holding that the federal courts lack ancillary jurisdiction to consider expungement motions directed to the executive branch, we join all four circuits that have considered the point and that have addressed *Kokkonen* in doing so.").

In *Lucido*, the Sixth Circuit Court of Appeals examined two avenues, in addition to the rejected 'ancillary jurisdiction' theory, by which a district court may have jurisdiction to consider a motion to expunge. The *Lucido* court first asked if the district court has original authority over the defendant's case. *Lucido*, 612 F.3d at 873. "The district courts of the United States shall

have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. However, that jurisdiction extinguishes once a final disposition of a case has been entered, and the government no longer has authority over a defendant. *Lucido*, 612 F.3d at 873-4. Here, Defendant was sentenced to serve five months of incarceration, which period began on January 11, 1993. (Court Doc. No. 16). Defendant's term of incarceration was followed by three years of supervised release. *Id.* In Defendant's case, a final judgment was entered, a sentence was served, supervision was completed, and the government no longer has authority over Defendant. Therefore, this Honorable Court does not have original jurisdiction to consider Defendant's Motion.

Second, the *Lucido* court considered if there is there was any statute, other than 18 U.S.C. § 3231, which grants a district court jurisdiction to consider such a motion. *Lucido*, 612 F.3d at 874. There are three provisions of law that allow a district court to consider an expungement motion. One authorizes district courts to entertain expungement requests from certain individuals convicted of violating the Controlled Substances Act. *See* 18 U.S.C. § 3607(c); *see also* 21 U.S.C. § 844a(j). The second authorizes the expungement to correct inaccurate government records. *See* 5 U.S.C. § 552a(g).

Finally, district courts are authorized to expunge certain DNA records. *See* 42 U.S.C. § 14132(d); 10 U.S.C. § 1565(e). Here, Defendant was convicted of being an Illegal Alien in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). (Court Doc. No. 16). None of the provision above applies to a defendant convicted of being an Illegal Alien in Possession of Ammunition. There is no provision of law which authorized this Honorable Court to consider Defendant's Motion.

### III. Conclusion

Defendant asks this court to expunge his conviction from 1992. Defendant's Motion is wholly unsupported by constitutional argument or statutory authority, and is completely devoid of citation to case law. Instead, Defendant proceeds entirely on equitable grounds. The Sixth Circuit Court of Appeals has explicitly rejected the assertion that district courts have ancillary jurisdiction based on equity to hear motions to expunge, like that filed by Defendant. As such, this Honorable Court lacks jurisdiction to consider Defendant's Motion. On that ground, Defendant's Motion should be denied.

STEVEN M. DETTELBACH  
United States Attorney

By: /s/ Justin Seabury Gould  
Justin Seabury Gould (OH: 0084584)  
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November 2013 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Justin Seabury Gould
Justin Seabury Gould
Assistant U.S. Attorney